FILED
At 9:25 O'clock A M

JAN 27 2022

CHASITY DEISCH
PHILLIPS COUNTY CIRCUIT CLERK
_____ D.C.

IN THE CIRCUIT COURT OF PHILLIPS COUNTY, ARKANSAS
CIVIL DIVISION

JOHN CLEARY                                                                         PLAINTIFF

VS.                        No. 54CV-22-15

BRANDT BOYD AND
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY                                                      DEFENDANTS

## COMPLAINT

Comes now the Plaintiff, John Cleary, (hereinafter referred to as either "John Cleary" or "Plaintiff"), by and through his attorneys, the Etoch Law Firm, and for his Complaint against the Defendants, Brandt Boyd and State Farm Mutual Automobile Insurance Company (hereinafter referred to as either "Brandt Boyd" or "State Farm" or collectively as "Defendants"), states:

1. John Cleary is now and has always relevant hereto been a resident and citizen of Phillips County, Arkansas.

2. Brandt Boyd is now and has always relevant hereto been a resident and citizen of Phillips County, Arkansas.

3. State Farm Mutual Automobile Insurance Company is an entity in the business of selling insurance with offices in Arkansas, which is authorized to do business in Arkansas, and which does do business in Arkansas.

4. The events complained of herein occurred in Phillips County, Arkansas.

5. Jurisdiction and venue are proper in this Court pursuant to Ark. Code Ann. §16-60-112 et seq.

6. On or about the 7th day of October 2021, John Cleary was a pedestrian on Ohio Street in Helena, Arkansas. At the same time, Brandt Boyd was driving his wife's Toyota Rav-4, which had been parked on Ohio Street. As John Cleary, a pedestrian, was on Ohio Street, Brandt Boyd

1

carelessly, negligently, improperly, and without warning drove his vehicle into John Cleary and proceeded to leave the scene of the collision. At all times, John Cleary was acting in a reasonable and prudent fashion. John Cleary did not in any way contribute to the cause of the accident.

7. Upon striking John Cleary, Brandt Boyd left the scene of the accident whereupon a person was injured, a class D felony. Brandt Boyd was not present at the scene of the accident when the police arrived.

8. Brandt Boyd was guilty of negligence which was the proximate cause of the above-described automobile collision. The negligent acts of Brandt Boyd consisted of, but are not limited to, the following:

 (a) Failing to keep a proper lookout for pedestrians;
 (b) Failing to keep the automobile he was driving under proper control;
 (c) Failing to yield the right of way to others using the road;
 (d) Driving at a speed that was not reasonable and prudent under the circumstances;
 (e) Driving in a careless and prohibited manner in violation of A.C.A. §27-51-104;
 (f) Driving in reckless disregard of the safety of others; and
 (g) Otherwise failing to act as an ordinary, common, prudent person would have under the same or similar circumstances.

9. As a proximate result of the negligence of Brandt Boyd, John Cleary sustained severe and permanent injuries to his head, neck, abdomen, and right foot, as well as a shock to his entire nervous system. As a proximate result of said injuries, Plaintiff has undergone excruciating pain and suffering and mental anguish in the past and will continue to undergo such pain and suffering and mental anguish in the future, has incurred medical expenses in the past and will continue to incur such expenses in the future.

10. Brandt Boyd's actions herein constitute a felony hit and run from an accident involving personal injury. (Ark. Code Ann. § 27-53-101). Arkansas law at Ark. Code Ann. § 16-118-107 authorizes any person injured or damaged by reason of conduct of another person that would

constitute a felony under Arkansas law to file a civil action to recover damages resulting from that conduct. The burden of proof is only by a preponderance of evidence, and if successful, the person who is damaged shall be entitled to recover his cost and attorney's fees.

11. Judgment should therefore be entered in favor of Plaintiff for all damages listed herein which Plaintiff has suffered or will suffer as a result of Defendant's negligence and felonious act, the actual amount to be proven at trial. Said amount being in excess of the total amounts listed herein as Plaintiff's damages.

12. At all times relevant hereto, and at the time of this accident on the 7th day of October 2021, Brandt Boyd had his automobile insurance with State Farm Mutual Automobile Insurance Company. Said policy of insurance provided med-pay motor vehicle coverage to Brandt Boyd as an operator of the vehicle with no med-pay coverage of his own. Under Arkansas law because State Farm cannot show that med-pay coverage was rejected in writing on its policy, med-pay coverage was provided. Pursuant to Ark. Code Ann. § 23-89-204, Brandt Boyd's med-pay coverage extends to John Cleary as a pedestrian struck by the insured vehicle. John Cleary has no other med-pay available to him.

13. Under the terms of the automobile policy of insurance with State Farm and under the facts as alleged above and the law in Arkansas, John Cleary is entitled to recover from State Farm under the med-pay coverage the policy limits of $5,000.00. At this time, Plaintiff's bills total $16,748.79.

14. Pursuant to A.C.A. §23-79-208, since State Farm did not and will not voluntarily pay John Cleary the med-pay proceeds he is entitled to within the time specified in the policy, John Cleary is entitled to recover in addition to the $5,000.00, his costs, a 12% penalty, interest, and a reasonable attorney's fee.

15. Plaintiff demands a trial by jury on all issues.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, John Cleary, prays for judgment against Separate Defendant, Brandt Boyd, for the following:

a) $16,748.79 for the medicals and special expenses incurred by Plaintiff as of this date, together with 6% interest until the time of trial;

b) For an amount undetermined at this time, but to be determined at trial, said amount being in excess of the amount required for federal diversity jurisdiction for Plaintiff's injuries to Plaintiff's head, abdomen, neck, back, and right foot, and to his entire nervous system; said amount including his excruciating pain and suffering and mental anguish experienced in the past and that which Plaintiff will undergo in the future and for Plaintiff's continuing medical expenses, which will be incurred in the future;

c) For punitive damages in an amount in excess of $25,000, the exact amount to be determined at trial;

d) For Plaintiff's costs, a reasonable attorneys' fee, and all proper relief this Court may find Plaintiff entitled in these premises.

For judgement against Separate Defendant, State Farm Mutual Automobile Insurance Company, for the following

e) $5,000.00 for the med-pay benefits; and

f) For costs, a reasonable attorney's fee, a 12% penalty, interest and all other relief this Court may find Plaintiffs entitled to under these premises.

Respectfully submitted,

ETOCH LAW FIRM

By: _____

Louis A. Etoch (89030)
727 Cherry Street
Helena, AR 72342
(870) 338-3591
(870) 338-7201 Fax
louis@etochlaw.com